Deborah L. Stein (SBN 224570)
dstein@stblaw.com
Jessica R. Marek (SBN 266550)
jmarek@stblaw.com
Michelle S. Kallen (SBN 271322)
mkallen@stblaw.com
Colin H. Rolfs (SBN 280654)
colin.rolfs@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California  90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

Attorneys for Plaintiff
MICHAEL A. TRAP

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL A. TRAP,<br><br>                         Plaintiff,<br><br>                    v.<br><br>UNITED STATES OF AMERICA; A. WASHINGTON-ADDUCI, Warden; EVERETT COTTRELL, Captain; CARLOS DEVEZA, Associate Warden; T. SCARANTINO, Associate Warden; MS. VICKIE LOPEZ, Acting Chief Medical Administrator; DR. MARK DAG, M.D., Clinical Physician; MS. FLEUR PANGANIBAN, Physician's Assistant; MR. ERIC BRADFORD, Physical Therapist; CONRAD GRABER, Warden; ISAM ELAYAN, Health Systems Administrator; LIEUTENANT ROWE; OFFICER LOPEZ; OFFICER CHANG; AND DOES 1–10,<br><br>                         Defendants. | Case No. 2:13-cv-00003-DMG (JPRx)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Hon. Jean P. Rosenbluth<br><br>**NOTE CHANGES MADE BY THE         COURT** |

STIPULATED PROTECTIVE ORDER

## STIPULATION AND PROTECTIVE ORDER

Plaintiff Michael Trap and Defendants United States of America, Eric Bradford, Brian Chang, Everett Cottrell, Mark Dag, M.D., Carlos Deveza, Isam Elayan, Conrad Graber, Daniel Lopez, Fleur Panganiban, Michael Rowe, Thomas Scarantino, and Arcola Washington-Adduci ("the Parties") believe information that has been or will be disclosed in the course of discovery in this lawsuit is entitled to constitutional, statutory, and common law protection, and therefore seek to limit and protect disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c).

Plaintiff represents that good cause supports the issuance of a protective order in this lawsuit as follows: Plaintiff's First Amended Complaint asserts that Defendants provided inadequate medical care to Mr. Trap and were deliberately indifferent to his serious medical needs.  (Dkt. No. 84.)  Plaintiff thus anticipates that information may be disclosed in this lawsuit that identifies him, or that could be used to identify him, and that relates to the provision of healthcare to Plaintiff, the state of Plaintiff's physical or mental health or condition, or payment for the provision of healthcare to Plaintiff.  Because such information is protected by Mr. Trap's right to privacy and the Health Insurance Portability and Accountability Act ("HIPAA"), good cause supports the issuance of a protective order in this matter to protect such information from broad public dissemination.

The United States represents that good cause supports the issuance of a protective order in this lawsuit as follows: Plaintiff has propounded discovery requests upon the United States that the United States believes seek documents and information that the Privacy Act prohibits the United States from disclosing without a court order.  5 U.S.C. § 552a.  Plaintiff has further propounded discovery requests upon the United States that the United States believes seek security sensitive documents and information that the United States contends are protected from

public disclosure due to institutional security concerns.[1]  Thus, in order to permit the parties to discover and introduce relevant evidence without violating the Privacy Act, compromising the security of the Federal Correctional Institution at Terminal Island, or compromising the Bureau of Prisons' institutional mission, the United States requests that the Court enter a protective order to shield such documents and information from public disclosure.[2]

Therefore, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order governing the treatment of confidential material and all other discovery material (as applicable) provided during the course of the above-captioned action:

1.     Except as provided by the express terms of this Stipulated Protective Order, all parties subject to this Stipulated Protective Order shall refrain from disclosing in any manner any information set forth in any Confidential Material.

2.     The following information shall be "Confidential Material": Documents or discovery responses that may be produced during discovery that are designated as such by a "Producing Party" because they contain any of the following or otherwise qualify for protection under Federal Rule of Civil Procedure 26(c): private "health information" within the meaning of HIPAA and regulations thereunder and individual personal information that is protected from disclosure under state or federal law, including the Privacy Act, 5 U.S.C. § 552a; personally identifying information, medical information, and personal financial information, about any Party, any employee of any Party, or any nonparty; documents and information designated as security sensitive information, the

---

[1]    The United States does not stipulate to the production of any such security sensitive documents and information.

[2]    The United States enters into this Stipulation without waiving any privilege or objection which the United States may assert or has asserted with respect to the production or admissibility of documents and information responsive to Plaintiff's past and future discovery requests.

STIPULATED PROTECTIVE ORDER

disclosure of which could compromise the security of the Federal Correctional Institution at Terminal Island or otherwise compromise the institutional mission of the Bureau of Prisons; and documents and information protected from public disclosure by the law enforcement privilege or other applicable governmental privileges.  It is possible that disclosure of this Confidential Material may cause harm to the Producing Parties and their employees, as well as to nonparties.

3.    Any information designated as Confidential Material by a Party, who shall be the "Designating Party" with respect to such information, shall be so designated by Bates range in a letter accompanying their production to a "Receiving Party," and/or by stamping the media in which the documents are transmitted, and/or by stamping the confidential portions of each page of a document "CONFIDENTIAL," "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL TREATMENT REQUESTED BY [name of the Producing Party]."  Documents may be designated as Confidential Material at any time.  Without limiting the foregoing sentence in any way, a Producing Party may designate a document as Confidential Material after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party would otherwise be entitled.  Any documents designated as Confidential Material prior to entry of this Stipulated Protective Order shall be treated the same in all respects as documents designated as Confidential Material after the entry of this Stipulated Protective Order.  The Parties also treat as Confidential Material oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.  Materials designated as Confidential Material shall be designated and marked as follows:

a. **Documents or TIFF Images**: Documents or TIFF images may be designated as Confidential Material by placing the legend "CONFIDENTIAL," or an equivalent thereof, on the confidential

portions of any such document or image.  Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing Confidential Material.  In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged.  Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") containing Confidential Material need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp.  Instead, the disclosing party shall use reasonable means to designate as "CONFIDENTIAL" such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" in the file name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

b. **Non-Paper Media**: Where Confidential Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in paragraph 3(a) above should be placed on the medium, if possible, and its container, if any, so as to give clear notice of the designation.  To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as containing Confidential Material, such printouts will be marked as described in paragraph 3(a) above by the Receiving Party.

    c. **Physical Exhibits**: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in paragraph 3(a) above.

    d. **Written Discovery**: In the case of Confidential Material incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in paragraph 3(a) above shall be placed on the first page of the document and on each page containing answers or responses that contain Confidential Material.

4.    Confidential Material also includes those portions of any notes, work papers or other work product that contain information from documents designated as Confidential Material without the need for a separate confidential designation on the notes, work paper, or other work product.

5.    If discovery material is inspected at the Producing Party's choice of location, all such discovery material shall be presumed at such inspection to have been designated as Confidential Material by the Producing Party until such time as the Producing Party provides copies to the Party that requested the discovery material.  Production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality.

6.    **Nonparty and Receiving Party Designations**.  The Parties have issued or intend to issue subpoenas to nonparties that require production of certain information relating to private medical records and protected health information covered by HIPAA.  Further, the Parties have propounded or may propound discovery requests to another Party that call for the production of certain information of or about the propounding Party relating to private medical records and protected health information covered by HIPAA.

    a. Any Party receiving protected health information shall use that material solely for the purpose of conducting this lawsuit.

- 5 -
STIPULATED PROTECTIVE ORDER

b.  Any nonparty producing materials through discovery may designate medical records, or related information that it discloses during discovery in this matter, as Confidential Material because the materials constitute, contain, reveal or evidence protected health information.

c.  Any Party whose medical or health records or information are produced by another Party or nonparty pursuant to this Paragraph shall have the same rights under this Stipulated Protective Order as if such Party was the Producing Party and Designating Party with respect to such records or information, including the right to designate such records or information as Confidential Material, but excluding those return and/or destruction rights set forth in Paragraph 20 where the records or information were produced by a Party.  Any Party whose records or information are produced by another Party or nonparty pursuant to this Paragraph may designate any such records or information as Confidential Material by reasonably identifying (using Bates numbers where possible) to all other Parties in writing the records or information designated as Confidential Material.

7.  **Treatment of Confidential Material**.  Confidential Material shall be subject to the following restrictions:

a.  Confidential Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this lawsuit, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.  Absent express written consent from a Producing Party, which shall be given solely in that Producing Party's discretion, no Confidential Material produced by such Producing Party may be used in connection with any other litigation, matter, or proceeding.

b.  Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is reasonably necessary that such Confidential Material be given or shown for the purposes permitted under subparagraph (a) above, and shall not be disclosed by them.

c.  Confidential Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

   i.  Counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of this lawsuit;

   ii.  Parties to this lawsuit;

   iii.  witnesses and prospective witnesses (other than Parties) at any deposition or hearing in this lawsuit, provided, however, that the witness shall not retain any documents marked as Confidential Material;

   iv.  consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of this lawsuit;

   v.  the Court, court personnel, and jurors, potential jurors or alternate jurors;

   vi.  court reporters and videographers used in connection with the conduct of this lawsuit;

   vii.  outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection

with the conduct of this lawsuit, except that materials designated by the United States as containing security sensitive information shall not be provided to any such outside services without the express written consent of the United States, which consent shall not be unreasonably withheld;

viii.  persons who are or were authors or recipients of the Confidential Material;

ix.  mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in this lawsuit;

x.  any other person only upon written agreement of the Designating Party.

8.      Notwithstanding any provision herein to the contrary, if any party to this Stipulated Protective Order concludes in good faith that for the purpose of this litigation it needs to disclose any Confidential Material, or any information derived from such material, to any person not described in Section 7(c) above, such party may request permission from counsel for the Designating Party to do so.  If such counsel cannot agree as to the disposition of such a request, a motion or application, as otherwise appropriate, to the Court for a ruling on such request may be made in compliance with Local Rule 37.

9.      Each person described in subparagraph 7(c)(iii), (iv), (ix), and (x) to whom Confidential Material is disclosed shall first be advised that such material is being disclosed pursuant and subject to the terms of the Stipulated Protective Order and that it may not be disclosed other than pursuant to the terms hereof.  Prior to disclosing Confidential Material to any person described in subparagraph 7(c)(iii), (iv), (ix), and (x) above, counsel shall cause each such person to execute a certificate in the form annexed hereto as Exhibit A, although no Exhibit A shall be required from persons or entities that receive only such Confidential Material to which they are reasonably believed to have had prior access.  Counsel shall be

responsible for retaining executed certificates.  Any person receiving Confidential Material is enjoined from disclosing that information to any other person, except in accordance with this Stipulated Protective Order.

10.    **Inadvertent Disclosure of Confidential Material**.  If any Receiving Party inadvertently discloses Confidential Material to persons who are not Qualified Persons, counsel for the Receiving Party shall make all reasonable efforts to retrieve the Confidential Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of the Stipulated Protective Order.  Such disclosure shall also be reported in writing, via overnight delivery service or email, to the Producing Party who produced such inadvertently disclosed Confidential Material promptly, and in no event later than three business days from the discovery of such disclosure.

11.    **Confidential Material and Depositions**.  Information or testimony disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by a Party, or by a Producing Party if such person either:

    a.  identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

    b.  provides written notification to all Parties within thirty days of the court reporter's release of the transcript of the deposition as to those portions of the transcript that are designated as Confidential Material.

Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Material until thirty (30) days after the court reporter's release of the transcript of the deposition.  The deposition transcript that contains Confidential Material designated pursuant to subparagraph (a) above shall be stamped, as set forth in paragraph 10 above, by the court reporter or by counsel.  If counsel for any Party believes that a question put to a witness being examined in deposition will disclose Confidential  Material, or that the

answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Material, such counsel may so notify the examining counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, Parties to the Litigation, the court reporter, video operator and their assistants.  The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly.

12.     **Filing Confidential Material**.  In the event that any person discloses Confidential Material in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court prior to trial, the disclosing person shall file an application to file the documents containing Confidential Material under seal with the Clerk of this Court pursuant to the Local Rules.  The Parties understand that designation of materials as Confidential Material does not automatically entitle the Parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain Confidential Material and should be made to the judicial officer presiding over the proceedings in question.

If a party seeks to file "Confidential Material" but is not the Designating Party with respect to such Confidential Material, such party shall have no obligation to justify sealing such "Confidential Material" in its application to seal other than to identify the "Confidential Material" as covered by this Protective Order in the application.

13.     **Use of Confidential Material at Trial**. Subject to the terms of this Stipulated Protective Order, the Parties shall have the right to use records, documents or other information designated as Confidential Material at trial in this action in the examination of any witnesses and in the presentation of all types of evidence, in the making and defending of trial motions, in trial briefs, and in argument.  However, for all Confidential Material that a Party anticipates using at

trial with respect to which such Party is not the Designating Party, such Party shall, concurrently with the disclosure of trial exhibits, identify in writing such Confidential Material to the Designating Party.  Such Designating Party shall have the right to move for appropriate limitations on the disclosure of such Confidential Material during trial, including by limiting those persons who may be present in court during the use of such Confidential Material.

14.    **Use of Confidential Material on Appeal**. Subject to the terms of this Stipulated Protective Order, the Parties shall have the right to use records, documents and information designated as Confidential Material in any appellate proceedings, including without limitation, in motions, briefs, and arguments, provided that any Party seeking to use such Confidential Material shall move for such materials be filed under seal.

The Parties understand that designation of materials as Confidential Material does not automatically entitle the Parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain Confidential Material.

If a party seeks to file "Confidential Material" but is not the Designating Party with respect to such Confidential Material, such party shall have no obligation to justify sealing such "Confidential Material" in its motion to seal other than to identify the "Confidential Material" as covered by this Protective Order in the motion.

15.    **Objections to Confidential Classification**.  No Party concedes that any discovery material designated by any other person as Confidential Material under any provision of the Stipulated Protective Order in fact contains confidential information, or has been properly designated as Confidential Material, and entering into the Stipulated Protective Order shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of the Stipulated Protective Order.  Nor

does the availability of Confidential Material status suggest that all documents or other materials are properly discoverable, and shall not affect any other valid objection to production of documents or other materials.

A Receiving Party shall not be obligated to challenge the propriety of a designation of documents or other material as Confidential Material at the time made or thereafter, and failure to do so shall not preclude a subsequent challenge thereof.  If at any time a Receiving Party objects to a designation under the Stipulated Protective Order (an "Objecting Party"), the Objecting Party shall notify the Producing Party in writing in accordance with this paragraph of the Stipulated Protective Order and Local Rule 37.  The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection.  Within ten (10) calendar days of the receipt of such written notice, the Producing Party and Objecting Party shall meet and confer in an effort to resolve their differences.  If the disagreement cannot be resolved, the Objecting Party may apply to the Court under Local Rule 37 for an order overruling the Producing Party's designation.  If the Objecting Party does not make such an application to the Court, the documents or material to which an objection was directed will still be considered Confidential Material.  While any such application is pending, the documents or material subject to that application will remain Confidential Material until the Court rules on the application.

16.     **Legal Process**.  If any Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which he, she, or it is a party, or (c) receives a demand or request for documents from a legal or regulatory organization with jurisdiction over it and such subpoena, demand, or request seeks Confidential Material, the Receiving Party shall (unless prohibited by law or regulation) give written notice, by hand or by e-mail, within the earlier of (i) seven business days of receipt of such subpoena, demand, or request for documents or (ii) no fewer than seven business days before any response to the subpoena, demand,

or request is due, to all Parties, and to any nonparty who produced or designated the discovery material as Confidential Material, and in no event shall produce such requested material prior to providing such notice.  Any Party or Producing Party may seek a protective order or other court-ordered relief to prevent the requested production.  Should a Party or Producing Party seek a protective order or other court-ordered relief, then absent a court order to the contrary, the Receiving Party shall not produce any of the Producing Party's Confidential Material, until a final decision that is no longer subject to appellate review orders such production, provided that a Party or Producing Party must file any a Notice of Appeal or Motion for permission to Appeal from a lower court order not later than thirty (30) days after Notice of Entry of that order is served.  If the Party or Producing Party is the United States or an agent or employee of the United States, such Notice of Appeal or Motion for permission to Appeal must be filed not later than sixty (60) days after Notice of Entry of that order for production is served.

17. **Clawback of Protected Produced Documents**.  Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Party's option, destroy any and all copies of such document or other discovery material and shall refrain from reading or reviewing said document or discovery material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including without limitation, use during the course of a deposition, review with witnesses, use by counsel or otherwise to prosecute this or any other action, or any other use, disclosure or review whatsoever.  The Receiving Party shall also remove all references to such material from any attorney work product.  The inadvertent production of any document or discovery that is subsequently retrieved or

destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted in this lawsuit or in any other proceeding. Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Party, after promptly returning or destroying the discovery material, from challenging the Producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted in camera, and (c) the challenge shall not assert as ground or basis that the Producing Party waived any privilege or protection because of the inadvertent disclosure.

18.     The Stipulated Protective Order shall be without prejudice to the rights of a Producing Party to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential Material) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

19.     Any additional parties that join or are joined in this lawsuit, may have access to materials produced pursuant to this Stipulated Protective Order only after the party executes and files with the Court a stipulation agreeing to be fully bound by the Protective Order.  Nonparties producing discovery materials may gain the benefits of this Protective Order with respect to any discovery materials they produce by designating as "CONFIDENTIAL" the discovery material they produce.

20.     **Final Disposition**.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this lawsuit, including any appeals, each Receiving Party must make reasonable efforts

to either return all Confidential Material to the Producing Party, or, at its option, destroy it.  Within sixty (60) days after the final termination of this lawsuit, each Receiving Party must provide the Producing Party written confirmation that all such Confidential Material has been returned to the Producing Party or destroyed. Notwithstanding this provision, counsel for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Material.  Any such archival copies that contain or constitute Confidential Material remain subject to this Stipulated Protective Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

21.	This Stipulated Protective Order shall survive the termination of this lawsuit.  No part of the restrictions imposed by this Stipulated Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each Producing Party or by an Order of the Court.

22.	The Parties may jointly seek to amend or modify this Stipulated Protective Order, subject to Court approval.

23.	Notwithstanding any provision contained herein, nothing in this Stipulated Protective Order shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

24.	Nothing in this Stipulated Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this lawsuit of any matter discovered.

**IT IS SO STIPULATED.**

Dated:  July 5, 2016

SIMPSON THACHER & BARTLETT LLP


By */s/ Deborah L. Stein*
    Deborah L. Stein
    Jessica R. Marek
    Michelle Kallen
    Colin H. Rolfs

Attorneys for Plaintiff
MICHAEL A. TRAP


Dated:  July 5, 2016

EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

By */s/ Jessica O. Cheh*
    Jessica O. Cheh
    Assistant United States Attorney

Attorneys for Federal Defendants


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.


Dated:  July 7, 2016

JEAN ROSENBLUTH
HON. JEAN P. ROSENBLUTH
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

1   Deborah L. Stein (SBN 224570)
    dstein@stblaw.com
2   Jessica R. Marek (SBN 266550)
    jmarek@stblaw.com
3   Michelle S. Kallen (SBN 271322)
    mkallen@stblaw.com
4   Colin H. Rolfs (SBN 280654)
    colin.rolfs@stblaw.com
5   SIMPSON THACHER & BARTLETT LLP
    1999 Avenue of the Stars, 29th Floor
6   Los Angeles, California  90067
    Telephone: (310) 407-7500
7   Facsimile: (310) 407-7502

8   Attorneys for Plaintiff
    MICHAEL A. TRAP

9

10                  UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                       WESTERN DIVISION

13

| 14 | MICHAEL A. TRAP, | Case No. 2:13-cv-00003-DMG (JPRx) |
|---|---|---|
| 15 | Plaintiff, | **EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER** |
| 16 | v. | |
| 17 | UNITED STATES OF AMERICA; A. WASHINGTON-ADDUCI, Warden; | |
| 18 | EVERETT COTTRELL, Captain; CARLOS DEVEZA, Associate Warden; | |
| 19 | T. SCARANTINO, Associate Warden; MS. VICKIE LOPEZ, Acting Chief | |
| 20 | Medical Administrator; DR. MARK DAG, M.D., Clinical Physician; MS. | |
| 21 | FLEUR PANGANIBAN, Physician's Assistant; MR. ERIC BRADFORD, | |
| 22 | Physical Therapist; CONRAD GRABER, Warden; ISAM ELAYAN, | |
| 23 | Health Systems Administrator; LIEUTENANT ROWE; OFFICER | |
| 24 | LOPEZ; OFFICER CHANG; AND DOES 1–10, | |
| 25 | , | |
| 26 | Defendants. | |

27

28

## <u>EXHIBIT A</u>

       The undersigned has reviewed the forgoing Stipulated Protective Order governing all parties in the action entitled *Michael A. Trap v. United States et al.*, CV 13-0003 DMG (JPRx), understands its contents, and agrees to be personally bound by and to comply with its terms and conditions.

Dated: _____

Name: _____
         (Print or Type)

Signature:_____

STIPULATED PROTECTIVE ORDER